IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1187-JG-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DUANE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer of the Durham County Sheriff's Office assigned to a task force of the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment returned in the Southern District of New York on 21 February 2013 with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (*i.e.*, crack) and one kilogram or more of a mixture or substance containing a detectable amount of heroin from at least in or about June 2012, up through and including in or

about January 2013 in violation of 21 U.S.C. § 846. The activities of the alleged conspiracy included the purchase by North Carolina conspirators of crack and heroin from conspirators in New York City for distribution in this state. Evidence presented at the hearing showed that defendant, who lives in North Carolina, participated in five recorded telephone calls with conspirators in New York in furtherance of the conspiracy between October and December 2012. One call included a co-conspirator who was incarcerated in a New York City jail at the time. An additional recorded call (on 7 October 2012) is alleged in the indictment. (*See* Indict. 8 ¶ 4.t). The evidence also showed that defendant traveled from North Carolina to New York City on 8 January 2013 with co-defendant Derrick Brown and took part in a transaction for the purchase of illicit drugs involving a confidential source.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the substantial quantity of drugs involved, the interstate nature of the conspiracy and defendant's involvement in it, the seemingly central role defendant has in obtaining drugs from the conspirators in New York, and the violence associated with the conspirators in New York; defendant's conviction for two felonies, one for a cocaine offense in 1992 in South Carolina (where defendant used to live) and the other for possession of a concealed weapon by a convicted felon in 2004 in Florida (while visiting there); the unsuitability

2

of the proposed third-party custodial arrangement due to the minimal amount of time that the proposed custodian and defendant are together due to conflicting work schedules, the proposed custodian's relative aloofness to defendant's activities (*e.g.*, lack of inquiry into the purpose of overnight trips by defendant) and her inability to detect defendant's drug-trafficking activities to date, the presence of minor children in the home, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2013.

James E. Gates
United States Magistrate Judge

3
Case 5:13-mj-01187-JG   Document 18   Filed 03/06/13   Page 3 of 3